[Cite as *State v. Howard*, 2017-Ohio-1387.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   27048 |
| | : | |
| v. | : | T.C. NO. 15CR2107/2 |
| | : | |
| JAMAR HOWARD | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the _____14th_____ day of _____April_____, 2017.

. . . . . . . . . . .

ANN M. GRABER, Atty. Reg. No. 0091731, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, P. O. Box 291771, Kettering, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Jamar C. Howard appeals his conviction and sentence for one count of complicity to commit murder (proximate result, deadly weapon), in violation of R.C. 2903.02(B) and 2923.03, an unclassified felony; and one count of complicity to commit aggravated robbery (serious physical harm), in violation of R.C. 2911.01(A)(3) and 2923.03, a felony of the first degree.   Both counts were accompanied

by a three-year firearm specification. Howard filed a timely notice of appeal with this Court on March 18, 2016.

## FACTS and PROCEDURAL HISTORY

{¶ 2} On August 31, 2015, Howard was indicted for two counts of complicity to commit murder (proximate result, deadly weapon and proximate result, serious physical harm) in violation of R.C. 2903.02(B) and 2923.03, both unclassified felonies; one count of complicity to commit aggravated robbery (deadly weapon), in violation of R.C. 2911.01(A)(1) and 2923.03, a felony of the first degree; and one count of complicity to commit aggravated robbery (serious physical harm), in violation of R.C. 2911.01(A)(3) and 2923.03, also a felony of the first degree. All of the counts in the indictment were accompanied by a three-year firearm specification. At his arraignment on September 8, 2015, Howard pled not guilty to all of the charges in the indictment.

{¶ 3} On December 23, 2015, Howard filed a jury waiver. Shortly thereafter, Howard's case was tried to the court in a trial that began on January 11, 2016, and ended on January 12, 2016. At the conclusion of the bench trial, the court requested that the parties submit post-trial memoranda in lieu of closing arguments. After considering the parties' post-trial memoranda, the trial court found Howard guilty of all counts in the indictment at a hearing held on January 21, 2016.

{¶ 4} At the sentencing hearing held on February 11, 2016, the trial court merged count I – complicity to commit murder (proximate result of aggravated robbery, deadly weapon) and count II – complicity to commit murder (proximate result of aggravated robbery, serious physical harm) – and the State elected to proceed on count I. The trial court also merged count III – complicity to commit aggravated robbery (deadly weapon)

and count IV – complicity to commit aggravated robbery (serious physical harm) – and the State elected that Howard be sentenced on count IV. On count I, the trial court sentenced Howard to fifteen years to life in prison, plus three years for the firearm specification, which must be served "consecutive to and prior to" the sentence imposed for count I. On count IV, the trial court sentenced Howard to seven years in prison, plus three years for the firearm specification, which must be served consecutive to the seven years and is mandatory. The trial court then ordered that the sentence imposed for count IV be served concurrent to the sentence imposed for count I, for an aggregate sentence of eighteen years to life in prison. The trial court also imposed restitution against Howard in the amount of $824.00, which it stayed until his release from prison. Finally, the trial court ordered that Howard's sentence in the instant case be served concurrently with the sentences imposed in Case Nos. 2015 CR 1173 and 2015 CR 2051.

{¶ 5} It is from this judgment that Howard now appeals.

{¶ 6} Based on the belief that no prejudicial error occurred below and that any grounds for appeal would be frivolous, Howard's appellate counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

### *ANDERS* STANDARD

{¶ 7} *Anders* outlines the procedure counsel must follow to withdraw as counsel due to the lack of any meritorious grounds for appeal. In *Anders,* the United States Supreme Court held that if appointed counsel, after a conscientious examination of the case, determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Anders* at 744. This request, however,

must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Further, counsel must also furnish the client with a copy of the brief, and allow the client sufficient time to file his or her own brief, pro se. *Id.*

{¶ 8} Once the appellant's counsel satisfies these requirements, this court must fully examine the proceedings below to determine if any arguably meritorious issues exist. *Id.* If we determine that the appeal is wholly frivolous, we may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or we may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 9} In this case, appointed counsel fully complied with the requirements of *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Howard has failed to file a pro se brief.

{¶ 10} Howard's appointed counsel states in his *Anders* brief that he extensively reviewed the record, including the transcript of the bench trial and the sentencing hearing, and concluded that he could not make any meritorious arguments on Howard's behalf. We also note that appointed counsel did not present any potentially meritorious assignments of error for our consideration.

## CONCLUSION

{¶ 11} Pursuant to our responsibilities under *Anders,* we have conducted an independent review of the entire record. Having done so, we agree with the assessment of appointed counsel that there are no arguably meritorious issues to present on appeal.

{¶ 12} Therefore, no potential assignments of error with arguable merit having been found, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J., and FROELICH, J., concur.

Copies mailed to:

Ann M. Graber
J. David Turner
Jamar Howard
Hon. Richard S. Skelton